**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as trustee for the holders of
the Cendee Mortgage trust 2003-2

      Plaintiff,

v.                                      Case No:  2:13-cv-108-FtM-38UAM

RENATE BENAWAY, BARRY
BENAWAY and UNKNOWN
TENANT(S) IN POSSESSION 1 AND 2,
AND ALL OTHER UNKNOWN
PARTIES,

      Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff Deutsche Bank National Trust

Company's Motion to Remand with Incorporated Memorandum of Law (Doc. #7) filed on

March 18, 2013.  Defendants *pro se* Renate Benaway and Barry Benaway filed a Notice

of Removal (Doc. #1) on February 15, 2013.  On June 7, 2013, the Court entered an

Order to Show Cause directing the Defendants to show cause as to why the case

should not be remanded for failure to establish subject-matter jurisdiction.  (Doc. #9).

The Court directed that a response to the Order to Show Cause be filed on or before

June 21, 2013.  No response has been received from the Defendants.

## FACTS

Plaintiff Deutsche Bank National Trust Company, as Trustee for the Holders of

the Vendee Mortgage Trust 2003-2, filed a Verified Complaint against Defendants

Renate Benaway and Barry Benaway, et al., in the Circuit Court of the Twentieth

Judicial Circuit in and for Charlotte County, Florida, on December 14, 2012.  (Doc. #2).

The single-count Complaint is for residential foreclosure under Florida mortgage law.

On February 15, 2013, Defendants filed a Notice of Removal (Doc. #1) based on

diversity of citizenship of the parties or federal question.   In its Motion to Remand,

Plaintiff argues that Defendants have improperly removed this matter because:  (1) the

single-count Complaint arises solely under state law and Defendants cannot create

federal question jurisdiction by raising fraud and due process concerns in its removal

papers; and (2) Defendants have not properly alleged diversity jurisdiction.

## DISCUSSION

Pursuant to Title 28 U.S.C. § 1441(a), a defendant may remove an action to

federal court only if the district court has jurisdiction based on diversity of citizenship of

the parties or federal question.   The removing party has the burden of proving that

federal jurisdiction exists by a preponderance of the evidence and the removing party

must present facts establishing its right to remove.  Bolen v. Illinois Nat. Ins. Co., WL

4856811 *2-4 (M.D. Fla. Aug.28, 2012) (citing Williams v. Best Buy Company, Inc. 269

F.3d 1316, 1319 (11th Cir. 2001)); see also Adventure Outdoors, Inc. v. Bloomberg, 552

F.3d 1290, 1294 (11th Cir. 2008).   When the defendant fails to meet its burden, the

case must be remanded.  Williams, 269 F.3d at 1321.   Removal statutes are to be

strictly construed against removal.   Bolen, WL 4856811 at *3 (citing Shamrock Oil &

Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)); Burns v.

Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are

construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in

favor of remand.").

## 1. Federal Question Jurisdiction

In the Notice of Removal (Doc. #1), Defendants assert that this Court has jurisdiction over this case because it involves a federal question.  Pursuant to Title 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987); see also Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998) ("a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint").

In its Motion to Remand, Plaintiff argues that this Court lacks federal question jurisdiction over this matter because the single-count Complaint arises solely under Florida mortgage law.  See, e.g., Wells Fargo Bank NA v. Forsythe, No. 6:11-cv-1891-Orl-18GJK, 2011 U.S. Dist. LEXIS 151633, at *3-4 (M.D. Fla. Dec. 12, 2011) ("Plaintiff's Complaint only asserts a state law claim of mortgage foreclosure.  There is no federal statute that grants federal jurisdiction over this claim.").  The Court agrees.  Defendants have not shown that the Complaint raises a federal question; rather they attempt to base federal question jurisdiction on a related action that they "intend to litigate" implicating the United States Constitution.  Specifically, Defendants allege in the Notice of Removal (Doc. #1) that the underlying threatened actual taking of title and rights to deed property without due process violates the Fifth and Fourteenth Amendments to the

3

Constitution.   However, removal based on claims that a defendant may bring is improper.   Federal courts have specifically rejected defendants' attempts to create a federal question in a foreclosure action though defensive pleading.   See, e.g., Johnson v. Bank of N.Y. Mellon Trust Co., No. 1:11-cv-00255-SPM-GRJ, 2011 WL 7268639, at *2 (N.D. Fla. Dec. 28, 2011) ("a removing defendant may not create jurisdiction by raising a federal question defensively to the foreclosure action."); see also Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32, 122 S. Ct. 1889, 1893-94 (2002) (holding a counterclaim may not serve as the basis for federal question jurisdiction and that a federal court may only look at the face of plaintiff's well-pleaded complaint); see also Image 1 Studios, LLC v. Youngblood, No. 6:12-cv-1570-Orl-22DAB, 2012 WL 5415629, at *2-3 (M.D. Fla. Oct. 22, 2012) (holding a defendant's counterclaim may not provide the foundation for federal question jurisdiction); New Wave Mortg., Inc. v. Morales, No: 6:12-cv-00532-Orl-37KRS, 2012 WL 1805489, at *1 (M.D. Fla. May 17, 2012).

As the Complaint on its face rests solely on Florida law and Defendants cannot create federal question jurisdiction through defensive pleading, Defendants have failed to satisfy their burden of proving subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.   Accordingly, the Court finds that it lacks federal question jurisdiction over this matter.

## 2. Diversity Jurisdiction

Defendants also assert in the Notice of Removal (Doc. #1) that this Court has original jurisdiction pursuant to Title 28 U.S.C. § 1332.   A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy requirement is met. See Owen Equip. and Recreation Co. v. Kroger, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted). Under the diversity statute, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "nerve center" test is used to determine the principal place of business. Hertz Corp. v. Friend, 130 S.Ct. 1181, 1193 (2010).

To determine whether diversity jurisdiction exists, the Court first looks to the complaint. In this case, the Complaint does not allege the citizenship of any party. When jurisdiction is not "facially apparent from the complaint, the court should look to the notice of removal. . . ." Williams, 269 F.3d at 1319. In the Notice of Removal, Defendants failed to allege their citizenship(s) or that of Plaintiff. Although Defendants

acknowledge that they reside in Charlotte County, Florida (Doc. #1, Ex. 1), residency is not sufficient to establish citizenship for the purposes of diversity jurisdiction.

Even if Defendants properly alleged that they are citizens of Florida, remand would be proper.  Pursuant to 28 U.S.C. § 1441, "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); see also Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001).  The state court action was filed in Charlotte County, Florida, so even if Defendants properly alleged that they are citizens of Florida, removal to this Court based on diversity jurisdiction was improper and the case must be remanded to state court.

As such, Defendants have failed to satisfy their burden of proving that this Court has jurisdiction over this matter based on diversity of citizenship of the parties.  Thus, the Court finds that it does not have original jurisdiction over this case pursuant to 28 U.S.C. § 1332.

## **CONCLUSION**

For the reasons stated above, the Court lacks jurisdiction over the matter. Therefore, the Court finds that remanding the case back to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, for further proceedings is proper.  As a result, the Court grants the Plaintiff's Motion to Remand (Doc. #7).

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Deutsche Bank National Trust Company's Motion to Remand with Incorporated Memorandum of Law (Doc. #7) is **GRANTED**.

(2) The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Charlotte County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

(3) The Clerk is further **directed** to terminate all pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of June, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record